ALBERT J. WHEELER, Respondent, *v.* JOHN A. BELL and VAN HORN ELY, Appellants.

*Principal and agent — liability of an agent to his principal for fraud.*

Where the agent is false to his principal, and acts in hostility to his principal's interests and for his own advantage, the principal may maintain an action against the agent for the recovery of the amount of money lost through the agent's malfeasance.

APPEAL by the defendants, John A. Bell and another, from a judgment of the Supreme Court in favor of Mark H. Irish, entered in the office of the clerk of the county of Erie on the 16th day of June, 1892, upon the verdict of a jury rendered after a trial at the Erie Circuit, and also from an order of ˙said court entered in said clerk's office on the 13th day of July, 1892, denying the defendants' motion for a new trial made upon the minutes.

Albert J. Wheeler was substituted, after the trial of the case, as plaintiff, in place of Mark H. Irish, deceased.

*Adelbert Moot*, for the appellants.

*Adolph Rebadow* for the respondent.

WARD, J. :

The original plaintiff was Mark H. Irish. Irish sued the defendants in Erie county for fraud in putting upon him some real estate in Buffalo, and in obtaining the same property from him by fraudulent means. The defendants were real estate agents and assumed to act as such for Irish in the purchase of real estate, and went into an arrangement with the owner of some real property in Buffalo whereby they got an option on the property for him for $10,000, and without disclosing that fact to their principal, Mr. Irish,

procured the sale to him of this property for $15,000, whereby the defendants and some persons associated with them in the transaction made $5,000. Irish took the property, made some improvements thereon, and left it in charge of the defendants as his agents, for a time, and went away, he living in Canada. Afterwards, wanting money, he proposed to sell to the defendants the same property. They, in concert with another real estate agent, found a purchaser for the property at $24,000, and the defendants, without informing Irish of this fact, bought the property of Irish, giving him what he had paid for it, with interest and certain expenditures he had made upon the property, amounting in all to $17,500, and they then sold to the other party the same property for the $24,000, and after paying an associate in the business $1,000 the defendants realized from the transaction $5,500, making the total amount they had received in operating on both sides of Mr. Irish, $9,500.

There was evidence to justify the jury in finding these facts, and they rendered a verdict against the defendants for only $2,000, which defendants seek to set aside on exceptions to the refusal to nonsuit and a refusal to direct a verdict for defendants, and to certain portions of the charge. None of the exceptions has merit, and the judgment should be affirmed.

LEWIS, BRADLEY and WERNER, JJ., concurred.

Judgment affirmed. _____